cited as conclusive of this question. An examination of the case on appeal, as well as of the opinion, convinces me that the ruling there was based on the pleadings and evidence, and its scope should accordingly be so limited. In that case there was no evidence of indorsement or of value in relation to the particular note; for many notes were in controversy, and it was held that plaintiff, having gone to trial on the pleadings, was bound to give testimony on the issues raised. But here plaintiff did give testimony proving the signature of the maker, indorser, and indorsee (the latter's name being on the note) ; and the law presumed liability, negotiability, and value. Likewise evidence was given of the execution and delivery of the assignment to plaintiff, and the law presumed consideration and title. It may be observed here that the action in the Schnitzer Case was commenced and litigated before the negotiable instruments law went into effect, and if its concise definitions and precision of language had been before the court it is not at all improbable but that the decision would have been seriously affected. The plaintiff's proof, coupled with the presumptions of law, entitled him, in the absence of any evidence to the contrary, to a recovery. It was error to dismiss the action on the merits. Even if there was failure, it was not such a failure of proof as would clearly show as matter of law the plaintiff could not recover. The lacking proof was of a character that could be supplied on another trial, or plaintiff might have tested the validity of a conjunctive denial or of a negative pregnant in the answer. In Martin v. Cook, 14 N. Y. Supp. 329, 60 Hun, 577, affirmed 142 N. Y. 654, 37 N. E. 569, it was said:

"Where a complaint is dismissed because of failure of proof, the dismissal is not upon the merits, because the merits are not involved; the complaint being dismissed because of the want of merit in the proof. It is only where a prima facie case is made, and proof offered to rebut it, that the merits are involved."

On each of those two grounds the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### HOROWITZ v. BROADS MFG. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

1. CORPORATIONS—LIABILITY—CONTRACTS BEFORE INCORPORATION.

B., contemplating the formation of a corporation, entered into a contract with plaintiff whereby plaintiff was to be employed as manager for one year. Afterwards a corporation was formed by B., who became president, and the plaintiff, after working two months and being paid by the corporation, left the employment and brought an action against the corporation on the contract. There was no evidence that the corporation had ratified or adopted the contract. *Held*, that the corporation could not be bound by the contract executed prior to its incorporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1789.]

2. EVIDENCE—ADMISSIONS—BY CORPORATE AGENTS BEFORE INCORPORATION.

In an action against a corporation on a contract for employment, it was error to admit evidence of what B., its president, said before the incorporation to the plaintiff in relation to the latter's employment, or a writing containing the terms of the contract, prepared by plaintiff to be signed by B., since B.'s acts were not binding upon the corporation afterwards formed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 883.]

Appeal from City Court of New York, Trial Term.

Action by Morris Horowitz against the Broads Manufacturing Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Myers & Goldsmith (Emanuel J. Myers, of counsel), for appellant. Morris Morris, for respondent.

GOFF, J. In his complaint plaintiff alleged that the National Waist Company was a domestic corporation, and that subsequent to its organization its name was changed to the Broads Manufacturing Company. He further alleged that on September 1st the defendant corporation employed him as manager in its business for the period of one year at a stated compensation; that he entered upon the performance of his duties, but subsequently the defendant refused to permit him to do so, and he in consequence was damaged. A denial was interposed by the answer.

On the pleadings the first issue raised was: Did the defendant corporation make an agreement to employ the plaintiff? This the plaintiff asserted as the basis of his action, and on it being proved depended the defendant's responsibility. To prove it competent evidence was required that by some lawful and binding act the corporation entered into such agreement, and it follows that, if on that vital point there was no competent evidence, the defendant could not be held to any liability. From the plaintiff's case as presented at the trial it appeared that plaintiff was engaged in the shirt waist business. In August he met one Bernard Broads, who made a proposition to him to give up his own business and go to work for him for one year at a stated salary and commission. Broads said he was not yet ready for business, and would not be until September 1st, when the business would be established as a corporation; that as soon as he got the corporation papers he would start to work and make his final contract with plaintiff. Among other preparations made by plaintiff, he caused a paper to be drawn up which contained the terms of the contract of employment. This paper plaintiff showed to Broads, and asked him if it contained the conditions they had agreed upon and if so to sign it. Broads said it did, but that he would not sign the paper then, and he told the defendant to go to work. On the 31st of August there was filed a certificate of incorporation of the National Shirt Waist Company, the purpose of which was the manufacture and sale of waists and skirts, and its directors for the first year were named as Bernard Broads, president and treasurer, David Broads, secretary, and Victor Hertz.

On September 1st the business was started by the corporation, and the plaintiff went to work in its shop, and remained so working for two months, when some things took place which it is not necessary to mention, but which were the cause of the plaintiff leaving. During these two months the wages plaintiff received were paid by the checks of the "National Shirt Waist Company." On this proof it was held that the corporation was liable for breach of contract.

For what contract? Before there can be a breach of contract, there must be a contract. Where is there evidence here to show that this corporation ever entered into a contract with the plaintiff? It could not, for at the time plaintiff claims the contract was made the corporation was not in existence. How, then, could an artificial creature make a contract before it received the vital spark of legal life? How could a corporation springing into life on the 1st of September be bound by any promise or agreement made by an individual in August? It was contended that Broads made the agreement, and that afterwards, because Broads was named as the president of a corporation, that of itself bound the corporation. But a corporation can only be bound by the acts of its duly authorized officers or agents while acting within the scope of their authority. Broads had no authority, for there was nothing in existence from which he could derive authority. Nor is there any evidence whatever that the corporation ratified or adopted the agreement made by Broads, assuming that there was one. The theory of plaintiff's case was to hold Broads responsible for in fact he was the corporation. This it is claimed was so, because he stated, "I am the corporation." But that did not make him the corporation. There were two distinct legal entities, Broads and the corporation; and Broads' declaration could not efface that distinction. But the plaintiff himself, by the agreement which he prepared for Broads to sign, plainly indicates his understanding of the relations and his intention as to the person for whom he intended to work. This paper reads:

"Agreement made * * * between Morris Horowitz and Bernard Broads, as follows: Broads employs Horowitz for one year from September 1, 1904, as manager," etc.

It then goes on to specify the contractual relations between the plaintiff and Broads. Not a word is said about the corporation.

Testimony was admitted over objection and exception as to what Broads said to plaintiff, and also to the witness Edelman, before the incorporation. This was error. It was also error to admit against objection the prepared writing for agreement which has already been referred to. These errors cannot be held trifling, for they went to the very root of the issue. The action was conducted on the mistaken theory that the corporation could be held liable for the acts of Broads before the date of incorporation. It may be that in truth Broads incorporated himself; but that does not alter or avoid the rule of law that every individual, natural or artificial, can be held responsible only for his or its acts.

For the errors assigned, the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.